MERRITT, Circuit Judge,
dissenting.
I would send this case back for resen-tencing because of the gross disparity between the sentences the main culprit, Ginger Halbert, received (24 months’ imprisonment) and the two co-conspirators, Whicker and Robinson, who received much longer sentences. Halbert and her son initiated the fraud against the United States government and received all of the fraudulent money. The other two aided Halbert, their friend, by allowing her to receive the money; but they profited not at all. It seems likely that the two much less culpable defendants will have to pay back all of the money ($177,-000) because the most culpable defendant, Halbert, may be judgment-proof. The law makes all three jointly liable. It seems completely unfair to me to impose a sentence twice as severe on the least culpable. Therefore, I would remand with instructions to reduce the sentences for "Whicker and Robinson to a level equivalent with their degree of culpability in the overall scheme. The whole purpose of the Sentencing Guidelines was to get rid of these kinds of gross disparities. The Sentencing Reform Act itself, as well as the Introduction to the Guidelines, both condemn this form of gross sentencing disparity. The Introduction in paragraph 3 states the policy against such “disparities” as this and the need for “proportionality” based on culpability. In addition, 18 U.S.C. § 3553(a)(6) calls attention to “the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.” I view the sentencing disparity in this case between Halbert and Whicker and Robinson as unwarranted. Based on the record on appeal, it seems obvious that the much longer sentence for the least culpable should be significantly reduced, and I hope that the government would be amenable to considering a reduction in the sentences that Whicker and Robinson received.